Allen
v.
Ehle.

ALLEN *against* EHLE.

*Under the statute against horse racing, (1 R. L. 222, s. 5,) and the statute against gaming, (id. 152,) the loser may recover his wager of the stake holder, on demanding the money of him before it is paid over to the winner.*

DEBT; tried at the Cortland circuit, on the 2d day of January, 1827, before NELSON, C. Judge. The declaration was in the usual form, for money had and received, money paid, money lent and advanced, &c. Plea, the general issue. On the trial it was proved that the plaintiff, on the 1st day of September, 1825, deposited in the hands of the defendant 100 dollars, as a bet to abide the event of a horse race. That on the same day, the race was run, and decided against him. That he immediately, and whilst the money was in the hands of the defendant, forbid his paying over the money to any other person excepting himself (the plaintiff.) That the next day he demanded the money of the defendant. That the defendant refused to pay it to the plaintiff; but paid it to one Purdy.

Upon these facts, the defendant's counsel objected to a recovery; but the judge directed the jury to find a verdict for the plaintiff, subject to the opinion of the court upon a case to be made. The jury found accordingly.

*J. A. Collier*, for the plaintiff, cited 1 R. L. 223, s. 5; Id. 153, s. 2; 10 John. 468; 15 John. 5.

*H. Stephens* and *S. Sherwood*, contra. At common law this action would not have lain even against the party who [*497] *wins and receives the wager. This is not allowed, because the parties are in *pari delicto*. We must then look to the statute which gives the remedy. The plaintiff is confined strictly to that. The 1 R. L. 223, s. 5, gives the same relief as the statute against gaming. (Id. 153, s. 2.) The latter statute gives the remedy against the party only; not against the stake-holder. His rights remain the same as at common law. The case of *Simmons* v. *Borland*, (10 John. 468,) was on certiorari, and not considered in reference to this view of the question.

*Curia.* The statute was passed to remove the common law objection. The 5th section declares the wager to be void; and gives a remedy against the party, to recover it back. The action lying against the party, a *fortiori* does it lie against the agent, on a demand before the money is paid over. We see no reason for re-considering *Simmons* v. *Borland,* (10 John. 468,) which is precisely in point; and has been acted upon in another case lately before us.

Judgment for the plaintiff.