The opinion of the Court, was delivered by
Nevius, J.
The bet made by Moore was illegal and is declared by the statute of New Jersey passed in 1811, Elm. Dig. 224, to be utterly void and of no effect. And the same statute gives to the loser in such case his action to recover from the winner any money he has paid over to him on such bet. This action is well brought and the plaintiff is entitled to recover both upon principle and authority. In Visscher v. Yates, 11 J. R. 23, Chief Justice Kent said, “ the defendant having the money is answerable for it to some one and has no conscience to retain it.” “ If the loser cannot recover, the winner cannot, for that would be compelling the execution of an illegal contract.” In Allen v. Ehle, 7 Cow. 496, under like circumstances with the present, the court say, “ the fifth section declares the wager to be void and gives a remedy against the party to recover it back.” The action lying against the party, a fortiori it lies against the agent on a demand before the money is paid over.”
I find no cases of authority either in the English or American courts against this doctrine, except that of Yates v. Foot, in the court of Errors of New York, reported in 12th J. R. 1, where Senator Sanford delivered the opinion which was concurred in by-a majority of the court. The principle laid down in that case is directly opposed to previous decisions in the Supreme court of that State and I am not aware that it has ever been recognized by that court since. But whether or not, I hold it to be utterly untenable and cannot yield to it my assent.
The other reasons assigned for reversal are not sustained by the facts agreed on.
I think the judgment below should be affirmed with costs.

Judgment affirmed.

Cited in Huncke v. Francis, 3 Dutch. 56; Sutphin v. Crozer, 1 Vr. 258; Sutphin v. Crozer, 3 Vr. 463.